## CIRCUIT COURT OF CAROLINE COUNTY

Waldo T. Starkweather
and Mary E. Starkweather

v.

Welford M. Bullock, Jr., et al.

July 15, 1991

Case No. CH90-104

By JUDGE WILLIAM H. LEDBETTER, JR.

This dispute involves a right of way across lands owned by Donald F. Erickson and Gloria A. Erickson, the purpose of which is to provide access for property owned by the complainants.

*Facts*

Most of the material facts are not in dispute. In 1965, the Starkweathers bought a fifty-acre tract of land from Alvin Linwood Thompkins and others. That tract has no frontage on a public road. The adjoining land, then owned by Welford M. Bullock, has frontage on State Route 603. To gain access to their property, the Starkweathers purchased from Bullock a right of way from their fifty-acre tract "over an old logging road" on Bullock's property to Route 603. The right of way agreement was recorded.

By various conveyances, the Ericksons acquired the Bullock tract. (They purchased some portions of the tract from Welford M. Bullock and, after his death in 1986, they purchased other portions from his heirs.) The Starkweathers claim that the Ericksons are interfering with their use of the right of way. Hence, this litigation.

*Pleadings and Status of the Case*

The Starkweathers instituted this suit in July of 1990. In their original bill of complaint, they sought relief against the Ericksons for interfering with the right of way, and they sought similar relief against the Bullock heirs and their spouses on the theory that these persons "had a duty to convey such lands subject to the right of way."

The right of way agreement also contained a provision which the parties refer to as a "first refusal." In their original bill, the Starkweathers claimed that they were stymied in their attempt to sell or exchange their fifty-acre tract because the defendants refused to act on the right of first refusal. The Starkweathers sought damages in the amount of $150,000.00.

The spouses of the Bullock heirs, and the husband of Welford M. Bullock's former wife, filed a motion to dismiss. They contended that they were never parties to the right of way agreement or to the first refusal, and that they had executed various deeds to the Ericksons merely to convey their inchoate marital interests as spouses of the heirs. After a hearing on December 4, 1990, the court sustained the motion and dismissed the bill as to all "spousal defendants."

The defendants also filed a demurrer to that portion of the original bill which concerned the first refusal. Because the relief sought with regard to the right of first refusal was for money damages, the court transferred that aspect of the case to the law side of the court, pursuant to Virginia Code § 8.01-270, by order dated March 21, 1991.

The Starkweathers then filed an amended bill. In the amended bill, the "spousal defendants" named in the original bill are dropped, and no reference is made to the first refusal. (The first refusal is now the subject of a law action (L91-3) and is the subject of a separate opinion letter issued this day.) Money damages in the amount of $50,000.00 are sought against all defendants.

In response to the amended bill, the Bullock heirs filed a demurrer and the Ericksons filed an answer. This opinion addresses the demurrer, on which arguments were heard June 26, 1991.

*Decision*

The Bullock heirs contend that the amended bill does not state a claim against them because they have no interest in the tract now owned by the Ericksons and because they have done nothing to block or interfere with the Starkweathers' use of the right of way. In reply, the Starkweathers concede that the Bullock heirs have not interfered with the easement. They also concede that the heirs no longer have any interest in the property. Nevertheless, they argue that the heirs are proper parties to the suit and may be subjected to the relief sought in the amended bill because, as mentioned above, the heirs "had a duty to convey such lands subject to the right of way."

When ruling on a demurrer, the court assumes the truth of all facts properly pleaded and all reasonable inferences that can be drawn from the allegations. *Grossman v. Saunders*, 237 Va. 113 (1989).

It is undisputed that the Starkweathers own a right of way "over an old logging road" from their fifty-acre tract to Route 603. It is undisputed that they acquired this right of way from Welford M. Bullock by express grant of easement, which was duly recorded on March 6, 1965. It is undisputed that this right of way is located on property now owned by the Ericksons, which they acquired by various conveyances, some portions from Welford M. Bullock and, after his death, other portions from his heirs. It is undisputed that the Bullock heirs no longer own any interest in the land which the right of way traverses. There is no allegation that the Bullock heirs themselves have taken any action to interfere with the right of way, to conceal or refute its existence, or to hinder the Starkweathers' use of it.

The duty of the owners of the property encumbered by a right of way (i.e., the servient estate) is to refrain from interfering with the use of the right of way by the owners of the property served by the right of way (i.e., the dominant estate), consistent with the terms of the instrument by which the right of way was created. Owners of the dominant estate secure protection of their right

of way against subsequent purchasers of the servient estate by recording the right of way instrument. This was done.

The Bullock heirs did nothing more or less than convey portions of the servient estate, at various times, to the Ericksons. As a matter of law, such conveyances were subject to all valid encumbrances of record. No statute, judicial decision, or other authority has been cited, and the court knows of no such authority, for the proposition that a grantor of real estate has a duty to particularly identify in the deed of conveyance all easements and other rights which others may have in the land. No such duty is owed, at least to the persons possessing such rights, because mention of such rights is unnecessary especially where, as here, the instrument establishing such right has been properly recorded.

Here, the Starkweathers acknowledge that the instrument which created their right of way is recorded. They not only acknowledge it, they rely upon the fact of recordation to make the right of way binding on the Ericksons. No one disputes the existence of the easement, and there is no allegation in any of the pleadings that the easement is deficient because the Bullock heirs did not inform their grantees, the Ericksons, of it. In fact, the Ericksons have filed an answer admitting that the easement instrument is recorded and that the Starkweathers have a right of way across their land to Route 603.

For the reasons explained, the Starkweathers have no cause of action or cognizable claim against the Bullock heirs under the allegations in the amended bill. Accordingly, the demurrer will be granted and suit dismissed as to all remaining defendants except the Ericksons.

Mr. Bowman will please prepare and circulate a decree of reference so that this matter can be referred to a commissioner in chancery for prompt hearing and disposition.